DECISION AND JUDGMENT ENTRY
{¶ 1} Defendants Leslie A. Gearhart and Century Well Services, Inc. (collectively "appellants") appeal the pre-trial bond judgment of the Meigs County Court of Common Pleas in favor of plaintiffs Kenneth F. Molz, Allswell, LLC, Redvers, LLC, Trak 9, LLC, Trak 10, LLC and Trak 11, LLC (collectively "appellees"). On appeal, appellants contend that the trial court erred when it ordered them to post a pre-trial bond in the amount of $200,000 to guarantee a potential adverse judgment. Because appellees did not cite to any authority in their brief as required by App. R. 16(B), and because we could not find any law that would allow the court to require such a bond, we agree. Accordingly, we sustain appellants' assignment of error and remand this cause to the trial court for further proceedings consistent with this opinion. *Page 2 
 I. {¶ 2} This action arose out of a contract dispute. Appellants agreed to drill three oil wells on property owned by appellees. Appellees filed a complaint against appellants asserting claims of breach of contract, fraud, and negligence. Appellants answered and filed a counterclaim. This case stalled as the parties became locked in a disagreement over certain discovery.
 {¶ 3} As the case progressed, appellees became increasingly concerned that the appellees were becoming insolvent. Appellees raised this issue during one of the many discovery hearings. After a short discussion, the trial court ordered that the appellants post a $200,000 bond "guaranteeing payment of any judgment that may be achieved by the [appellees] in this matter." Appellants objected to obtaining such a bond and filed a notice of appeal.
 {¶ 4} On appeal, appellants assert the following assignment of error:[1] "The Trial Court Erred To The Prejudice of The [Appellants] By Ordering [Appellants] To File With The Court A Bond In The Amount Of $200,000 To Guarantee Any Judgment That The [Appellees] May Obtain Against The [Appellants]."
 II. {¶ 5} Appellants contend that the law does not allow a pre-trial bond in a civil case to guarantee a future potential judgment. To answer this legal question, we conduct a de novo review. See, e.g.,Yazdani-lsfehani v. Yazdani-lsfehani, 170 Ohio App.3d 1, 2006-Ohio-7105, ¶ 20.
PGPage 3
 {¶ 6} Conversely, appellees argue that the law does allow the posting of a bond to secure a future judgment. However, the appellees do not cite to any legal authority in their brief to support their position. In addition, we could not find any law to support the appellees' position in our research.
 {¶ 7} App. R. 16(B) states in relevant part, "The brief of the appellee shall conform to the requirements of divisions (A)(1) to (A)(8) of this rule[.]" App. R. 16(A)(7) states in relevant part that the brief shall include "[a]n argument containing the contentions of the [appellee] with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which [appellee] relies."
 {¶ 8} Here, appellees did not comply with App. R. 16. That is, they did not support their argument "with citations to the authorities [and] statutes[.]" As such, after our own failure to find authority for appellees' position, we presume none exists. Therefore, we find that the trial court erred when it required the appellants to post a pre-trial bond to support a potential future judgment.
 {¶ 9} Accordingly, we sustain appellants' assignment of error and reverse the judgment of the trial court. We remand this cause to the trial court for further proceedings consistent with this opinion.
 JUDGMENT REVERSED AND CAUSE REMANDED. *Page 4 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THIS CAUSE IS REMANDED to the trial court for further proceedings consistent with this opinion. The appellees shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Harsha, J.: Concur in Judgment Only.
[1] Appellants raised two assignments of error on appeal involving (1) discovery and (2) the $200,000 bond. However, we found that only the bond decision was a final, appealable order.
 *Page 1